

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00363-CV

_____

CAROL POOL, Appellant

V.

JAMES POOL, Appellee

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CV11-1167

Before Wallach, J.; Sudderth, C.J.; and Kerr, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Based on pro se Appellant Carol Pool's purported notice of restricted appeal, which complains of orders in two trial court causes, this court docketed two separate appeals: (1) appellate cause number 02-20-00362-CV[1] for Carol's challenges to orders in trial court cause number 18-765 and (2) this appeal for her challenge to the trial court's May 14, 2020 "Order Granting [James Pool's] Motion to Compel Discovery" in trial court cause number CV11-1167.

Because we were concerned that we lack jurisdiction over the interlocutory appeal of a discovery order, we notified Carol that the discovery order does not appear to be a final judgment or an appealable interlocutory order. We informed her that unless she or another party furnished this court with a response showing grounds for continuing the appeal, we could dismiss this appeal for want of jurisdiction. *See* Tex. R. App. 42.3(a), 43.2(f).

Carol's response indicates that she "never intended to perfect two separate appeals under two different trial court case numbers" and that we "should set aside [this appeal] as void ab initio and [a] nullity rather than toll dismissals." Because we lack jurisdiction over this appeal, we dismiss it.

This court has appellate jurisdiction only of appeals from final judgments and from interlocutory orders that the Texas Legislature has specified are immediately

---

[1]Appellate cause number 02-20-00362-CV remains pending. *Pool v. Pool*, No. 02-20-00362-CV (Tex. App.—Fort Worth filed Nov. 13, 2020).

appealable. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); s*ee, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014. An order granting a motion to compel discovery is an interlocutory order that is not appealable until after a final judgment. *Clifton v. Burroughs*, No. 2-08-404-CV, 2008 WL 5401489, at *2 (Tex. App.—Fort Worth Dec. 23, 2008, no pet.) (per curiam) (mem. op.); *see also Edwards v. Panda Express Inc.*, No. 05-19-00715-CV, 2019 WL 4027082, at *1 (Tex. App.—Dallas Aug. 27, 2019, no pet.) (mem. op.).

The trial court has not yet signed a final judgment in this matter. The challenged interlocutory order compelling discovery is therefore not yet appealable. Consequently, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: February 4, 2021